UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00628-FDW
(3:06-cr-00096-FDW-1)

| | |
|---|---|
| WILLIAM ROOSEVELT CLOUD, )<br>*also known as* WILLIAM ROOSEVELT HILL )<br>CLOUD, )<br>)<br>    **Petitioner,** )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    **Respondent.** )<br>_____) | **NOTICE & ORDER** |

**THIS MATTER** is before the Court upon Petitioner William Roosevelt Hill Cloud's pro se filing titled "Petition Pursuant to Federal Rule of 60(b)(4) for Relief from Void Judgment." (Doc. No. 1).

Petitioner is a federal prisoner, who, on October 22, 2007, was found guilty after a jury trial of one count of mortgage fraud conspiracy, in violation of 18 U.S.C. § 371; three counts of mail fraud, in violation of 18 U.S.C. § 1341; thirteen counts of bank fraud, in violation of 18 U.S.C. § 1344; one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); and six counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1). United States v. Cloud, 680 F.3d 396, 399 (4th Cir. 2012). The convictions stemmed from Cloud's leadership of a mortgage-fraud conspiracy from 1999 until 2005. Id. The Court sentenced Cloud to 324 months' imprisonment. Id.

Cloud timely appealed. The Fourth Circuit affirmed his convictions, except the six money laundering convictions, which it reversed. Cloud, 680 F.3d at 409. The court remanded

1

for resentencing. Id. at 412. The United States Supreme Court denied Cloud's petition for a writ of certiorari. Cloud v. United States, 568 U.S. 862 (2012).

On January 7, 2014, Cloud's filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, raising various challenges to his criminal judgment. Cloud v. United States, No. 3:14-cv-00006-FDW (W.D.N.C.), Doc. No. 1. The Court dismissed the motion without prejudice because Cloud had not been resentenced and his judgment therefore was not yet final. Id. at Doc. No. 4.

The Court resentenced Cloud and entered an amended judgment on September 23, 2015, sentencing him to a total of 324 months' imprisonment. Am. J. 2, United States v. Cloud, No. 3:06-cr-00096-FDW-1 (W.D.N.C.), Doc. No. 281. Cloud did not appeal the judgment. See "Notice of . . . Decision . . . "Not" to Appeal . . . Judgment," id. at Doc. No. 283.

On January 3, 2017, Cloud filed a document purporting to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. Pet., Cloud v. United States, No. 3:18-cv-00088-FDW (W.D.N.C. 2017), Doc. No. 1 – Doc. No. 1-5. Because the petition challenged the legality of his 2015 criminal judgment, the Eastern District provided Cloud an opportunity to convert his § 2241 petition to a § 2255 motion to vacate. Id. at Doc. No. 10. Upon receiving notice from Cloud agreeing to the conversion, id. at Doc. No. 11, the Eastern District transferred the entire action to this Court, where venue is proper, id. at Doc. Nos. 12-13.

Subsequently, this Court notified Cloud that his 542-page pleading failed to comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which requires that motions to vacate identify each ground for relief and state the supporting facts. Id. at Doc. No. 14. The Court provided Cloud an opportunity to correct this and other

2

identified deficiencies by filing an amended motion to vacate on a § 2255 form approved for use in this District.  Id.

Thereafter, Cloud filed a document titled "Motion Reinstating 28 U.S.C. Subsection 2241 Filing as Correct - Motion to Rescind 28 U.S.C. 2241 Construed to a 28 U.S.C. 2255," in which he rescinded his previous agreement to the Court's conversion of the § 2241 petition to a § 2255 motion.  Cloud, No. 3:18-cv-00088-FDW, Doc. No. 15.  The Court granted the Motion, ordered that Cloud's motion to vacate be reinstated as a petition for writ of habeas corpus pursuant to § 2241, and dismissed the § 2241 petition for lack of jurisdiction.  Id. at Doc. No. 16.

Cloud has now launched another attempt to have his 2015 criminal judgment vacated, this time by way of Rule 60(b) of the Federal Rules of Civil Procedure.[1]  (Doc. No. 1.)  Cloud claims his criminal judgment is void for lack of subject matter jurisdiction, that this Court violated his right to due process during his criminal proceedings, that the Government committed fraud upon the court, and that counsel rendered ineffective assistance at trial.  (Doc. No. 1.)

As the Court for the Eastern District of North Carolina explained in Cloud's previous habeas action, "[a] petitioner must challenge the legality of his conviction and sentence under 28 U.S.C. §2255 unless the remedy under section 2255 'is inadequate or ineffective to test the legality of his detention.'"  Castro Notice 2, Cloud, No. 3:18-cv-00088-FDW, Doc. No. 10.  Cloud makes no effort in the instant Rule 60(b) Motion to explain why or how §2255 is inadequate or ineffective to test the legality of his detention.

Cloud should have filed this Motion pursuant to §2255, and the Court intends to characterize the Motion as a §2255 motion to vacate.  Prior to characterizing a mislabeled post-

---

[1] Notably, Petitioner attempted to file his Rule 60(b) Motion in his criminal case, not in one of his prior habeas actions.

3

conviction action as an initial § 2255 motion to vacate, however, the Court must provide the prisoner notice and an opportunity to respond. See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), overruled in part on other grounds by Castro v. United States, 540 U.S. 375, 383 (2003), as recognized in United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008).

# NOTICE

The Court hereby notifies Cloud that it intends to characterize his Rule 60(b) Motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Cloud must indicate whether he agrees or disagrees with this characterization.

Before making that decision, Cloud should consider that if the Court characterizes the Motion as one brought pursuant to §2255, it will be his first §2255 motion. Thereafter, Cloud may not file a second or successive §2255 motion attacking the same criminal judgment, unless he first receives permission to do so from the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. §§ 2244(a), 2255(h).

Moreover, in determining whether he agrees or disagrees with this characterization, Cloud should consider that the law imposes a one-year statute of limitations on the right to bring a habeas action pursuant to §2255. See 28 U.S.C. § 2255(f). The statute of limitations begins to run at the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have

been discovered through the exercise of due diligence.

Id.

## **ORDER**

Cloud is directed to file a paper writing in this Court stating whether he agrees to have the Motion considered pursuant to §2255. If he agrees, Cloud may, concurrent with his notice to the Court, file an amended §2255 motion raising any additional legal challenges he may have to his 2015 judgment. The Court shall direct the Clerk of Court to mail Cloud a blank §2255 form to use for this purpose.

If Cloud does not agree, the Court will dismiss this action without prejudice. If Cloud fails to timely respond to this Order, the Court will characterize the Rule 60(b) Motion as one brought pursuant to §2255.

**IT IS, THEREFORE, ORDERED** that Petitioner shall have 21 days from entrance of this Order: 1) to inform the Court in writing whether he agrees to the characterization of his Rule 60(b) Motion as a 28 U.S.C. § 2255 motion to vacate, and 2) to file any additional claims challenging his 2015 judgment, on the form provided.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Cloud a blank 28 U.S.C. § 2255 form with a copy of this Notice and Order.

Signed: November 29,

Frank D. Whitney
Chief United States District Judge