**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:18-cv-00628-FDW**
**(3:06-cr-00096-FDW-DSC-1)**

| | |
|---|---|
| **WILLIAM ROOSEVELT CLOUD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Petition Pursuant to Federal Rule of 60(b)(4) for Relief from Void Judgment [Doc. 1], which the Court construes as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

**I.      BACKGROUND**

William Roosevelt Could ("Petitioner") is a federal prisoner, who, on October 22, 2007, was found guilty after a jury trial of one count of mortgage fraud conspiracy, in violation of 18 U.S.C. § 371; three counts of mail fraud, in violation of 18 U.S.C. § 1341; thirteen counts of bank fraud, in violation of 18 U.S.C. § 1344; one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); and six counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1). United States v. Cloud, 680 F.3d 396, 399 (4th Cir. 2012). The convictions stemmed from Petitioner's leadership of a mortgage-fraud conspiracy from 1999 until 2005. Id. The Court sentenced Petitioner to 324 months' imprisonment. Id.

Petitioner timely appealed. The Fourth Circuit affirmed his convictions, except the six money laundering convictions, which it reversed. Id. at 409. The court remanded for resentencing.

Id. at 412.  The United States Supreme Court denied Petitioners's petition for a writ of certiorari. Cloud v. United States, 568 U.S. 862 (2012).

On January 7, 2014, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, raising various challenges to his criminal judgment.  Case No. 3:14-cv-00006-FDW, Doc. 1.  The Court dismissed the motion without prejudice because Petitioner had not been resentenced and his judgment therefore was not yet final.  Id. at Doc. 4.  On September 23, 2015, the Court resentenced Petitioner and entered an amended judgment, sentencing him to a total of 324 months' imprisonment. Case No. 3:06-cr-00096-FDW-1, Doc. 281.  Petitioner did not appeal the judgment.  See id. at Doc. 283.

On January 3, 2017, Petitioner filed a document purporting to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. Case No. 3:18-cv-00088-FDW, Docs. 1, 1-1 through 1-5.  Because the petition challenged the legality of his 2015 criminal judgment, the Eastern District provided Petitioner an opportunity to convert his § 2241 petition to a § 2255 motion to vacate.  Id. at Doc. 10.  Upon receiving notice from Petitioner agreeing to the conversion, the Eastern District transferred the entire action to this Court, where venue was proper.  Id. at Docs. 11-13.

Subsequently, this Court notified Petitioner that his 542-page pleading failed to comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which requires that motions to vacate identify each ground for relief and state the supporting facts.  Id. at Doc. 14.  The Court provided Petitioner an opportunity to correct this and other identified deficiencies by filing an amended motion to vacate on a § 2255 form approved for use in this District.  Id.

Thereafter, Petitioner filed a document titled "Motion Reinstating 28 U.S.C. Subsection 2241 Filing as Correct - Motion to Rescind 28 U.S.C. 2241 Construed to a 28 U.S.C. 2255," in which he rescinded his previous agreement to the Court's conversion of the § 2241 petition to a § 2255 motion. Case No. 3:18-cv-00088-FDW, Doc. 15. The Court granted the Motion, ordered that Petitioner's motion to vacate be reinstated as a petition for writ of habeas corpus pursuant to § 2241, and dismissed the § 2241 petition for lack of jurisdiction. Id. at Doc. 16.

Petitioner now again attempts to have his 2015 criminal judgment vacated, this time by way of Rule 60(b) of the Federal Rules of Civil Procedure. [Doc. 1]. Petitioner claims his criminal judgment is void for lack of subject matter jurisdiction, that this Court violated his right to due process during his criminal proceedings, that the Government committed fraud upon the court, and that counsel rendered ineffective assistance at trial. [Id.]. Petitioner placed his Rule 60(b) Motion in the prison system for mailing on November 14, 2018, and the Motion was stamp-filed in this Court on November 20, 2018. [Id.].

As the Court for the Eastern District of North Carolina explained in Petitioner's previous habeas action, "[a] petitioner must challenge the legality of his conviction and sentence under 28 U.S.C. § 2255 unless the remedy under section 2255 'is inadequate or ineffective to test the legality of his detention.'" Case No. 3:18-cv-00088-FDW, Doc.10. Petitioner makes no effort in the instant Rule 60(b) Motion to explain how or why § 2255 is inadequate or ineffective to test the legality of his detention.

Petitioner should have filed this Motion pursuant to § 2255. Prior to characterizing a mislabeled post-conviction action as an initial § 2255 motion to vacate, however, the Court must provide the prisoner notice and an opportunity to respond. See United States v. Emmanuel, 288

3

F.3d 644, 649 (4th Cir. 2002), overruled in part on other grounds by Castro v. United States, 540 U.S. 375, 383 (2003).

As such, on November 29, 2018, the Court entered a Notice and Order, notifying Petitioner that it intends to characterize Petitioner's Rule 60(b) Motion as a § 2255 motion to vacate, set aside or correct sentence. The Court further advised Petitioner that the law imposes a one-year statute of limitations on the right to bring a habeas action pursuant to § 2255, fully setting forth all subsections of 28 U.S.C. § 2255(f), see infra at 5. [Doc. 2 at 4]. Finally, the Court ordered that Petitioner had 21 days from the entrance of that Order to inform the Court in writing whether he agrees to the characterization of his Rule 60(b) Motion as a § 2255 motion to vacate and to file any additional claims challenging his 2015 judgment. [Id. at 5].

Four and one-half months later, on April 15, 2019, Petitioner filed a document entitled "Conditional Permission Granted to Adjudicate FRCIVP 60(b)(4) Under 28 USC 2255…." ("Conditional Permission") [Doc. 4]. From what the Court can gather, Petitioner purports to give the Court permission to consider his Rule 60(b) Motion a § 2255 motion to vacate "conditioned that the same terms and conditions to construe the Laws, Rules and nature of the 60(b)(4) to a 28 USC 2255 are equally applied to the 'STATUTE OF LIMITATION'; meaning specifically that the one year Statute of Limitations begins the same day the FRCIVP 60(B)(4) is converted to 28 USC 2255." [Doc. 4 at 3].

II.     **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to

vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

First, the Court notes that Petitioner's Conditional Permission is not properly before the Court, having been filed nearly four months after the Court's 21-day deadline to respond to its November 29, 2018 Order. [See Docs. 2, 4]. Second, even if it had been timely filed, it is without any legal effect. Much of the filing appears to be an irrelevant document cut and pasted from a completely different case, perhaps involving one of Petitioner's fellow inmates. [See Doc. 4 at 5-20]. The remainder recounts Petitioner's status as "a live, living being" through whom "blood flows, flesh lives." Plaintiff states:

> He is Sovereign and nothing stands between him and the Divine. The Divine Order given to Caesar that which belongs to Caesar and Give to GOD that which belongs to GOD The CREATER OF THE UNIVERSE. Petitioner/Injured Party paid the BILL giving to Caesar that which belonged to Caesar. Based upon the Third Standingg, only Sovereignty can be declared. Three times Injured Party prayed for relief from the Bar, relief from the Masonic Ritual Prayer and relief from Ecclesiastical Minister under Canon Law (Vatican).

[Doc. 4 at 2]. This argument has no legal relevance.

In any event, the Court is without authority to change the statute of limitations applicable to § 2255 motions to vacate, even if Petitioner were entitled to such relief, which he is not. As such, the Court considers Plaintiff's Rule 60(b) Motion as a § 2255 motion to vacate as indicated in its November 29, 2018 Order. [Doc. 2].

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-

5

year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, judgment was entered on September 23, 2015, and Petitioner did not appeal. Petitioner's conviction, therefore, became final fourteen days later, on October 7, 2015, when his time to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). FED. R. APP. P. 4(b)(1)(A). Petitioner mailed his motion to vacate on November 14, 2018, more than three years after his conviction became final. [Doc. 1]. Therefore, Petitioner's motion is untimely under § 2255(f)(1). Further, none of the other provisions under § 2255(f) apply to render the petition timely. Petitioner's motion will be dismissed.

## II. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's Rule 60(b) Motion, which it has construed as a § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1.     Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: June 3, 2019

Frank D. Whitney
Chief United States District Judge